## Township of Perry v. Levan

*Adam B. Krafczek,* for plaintiff.
*Charles F. Fitzpatrick,* for defendants.

WESNER, *J.,* Chancellor, August 16, 1983—The Township of Perry, a second class township in Berks County, brought this action in equity for specific performance to compel the defendants to remove several unlicensed and allegedly discarded vehicles from their premises. The township alleges that the storage of said vehicles on the subject property is a violation of Perry Township Ordinance No. 1-78 and that the condition of the stored vehicles creates a nuisance. A hearing on the matter was held May 24, 1983.

### ISSUE

1. Do the unlicensed vehicles stored on the subject property constitute a nuisance which should be abated?

### FINDINGS OF FACT

1. The subject property is located in a rural area in Perry Township.

2. Two unlicensed buses and a flatbed trailer are stored upon the property.

3. These vehicles are parked a safe distance from the nearest public road.

4. The grass around them is cut and the area is free of litter and/or junk.

5. There are no homes adjacent to or nearby the stored vehicles except the home located on the subject property.

6. The storage of these vehicles at their present location does not constitute a health or fire hazard or present a danger to the health, safety and welfare of the residents of Perry Township.

## DISCUSSION

Plaintiff's complaint alleges that defendant has for several years stored junk motor vehicles on the subject premises, that such storage of junk motor vehicles is in violation of Perry Township Ordinance 1-78, and that the condition of these motor vehicles constitutes a nuisance which is prohibited by said Ordinance.

Section 702 of The Second Class Township Code, 53 P.S. Section 65712, authorizes local governing bodies to declare certain activities to be nuisances, including the storage of junked or abandoned vehicles, when "based on actual conditions in the township, they constitute a nuisance in fact." Bradley v. Township of South Londonberry, 64 Pa. Commw. 395, 440 A.2d 665 (1982), citing Commonwealth v. Hanzlik, 400 Pa. 134, 161 A.2d 340 (1960).

The pertinent section of the Perry Township Ordinance reads as follows:

*Section 4. Nuisance.* Unsheltered storage of old, unused, stripped, junked, and other automobiles not in good and safe operating condition, and of any other vehicles, machinery, implements, and/or equipment and personal property of any kind which

is no longer safely usable for the purposes for which it was manufactured, which hereinafter are collectively described as "said personalty," for a period of ten days or more (except in licensed junk yards) within the corporate limits of Perry Township is hereby declared to be a nuisance and dangerous to the public safety.

It is well settled that an ordinance which seeks to abate the storage of wrecked, junked or abandoned vehicles cannot declare the mere presence of such vehicles as a nuisance per se. Rather, the ordinance must be phrased so as to require the municipality to affirmatively establish that a nuisance in fact exists. Commonwealth v. Hanzlik, supra; Talley v. Borough of Trainer, 38 Pa. Commw. 441, 394 A.2d 645 (1978).

Thus, notwithstanding the municipality's right to prohibit nuisances, it is clear that the violation of a nuisance ordinance must be supported by evidence that the defendant had, in fact, maintained such a nuisance.

In the case here, the township's complaint did allege facts which, if proven, would provide sufficient evidence to establish a nuisance in fact. Specifically, plaintiff alleged that the stored motor vehicles were open and accessible to animals and vermin, infested with vermin, overgrown with weeds, a health and fire hazard, and a danger to the health, safety, and welfare of the residents and citizens of Perry Township. However, at trial, no evidence was presented to substantiate those allegations. The township chose to rely solely on evidence that the stored vehicles were uninspected, unregistered and inoperable. Defendant, on the other hand, introduced photographic evidence of the site which showed several vehicles sitting on a neatly maintained piece of property. Furthermore, an

unannounced personal visit by the court to the property several weeks later confirmed that the photograph was an accurate representation of conditions at the site. Admittedly, these vehicles do not enhance the beauty of the countryside. However, although unsightly, the mere presence of such vehicles on a person's property in and of itself cannot support a finding that the defendant is maintaining a nuisance. In the case here, the record is devoid of any other evidence that defendant is maintaining a nuisance in fact.

## CONCLUSIONS OF LAW

1. Section 4 of Perry Township Ordinance 1-78 is invalid inasmuch as it declares that the unsheltered storage of junked motor vehicles or other unused equipment or property is a nuisance per se without requiring the municipality to establish that a nuisance in fact exists.

2. The motor vehicles stored on the subject property do not constitute a nuisance in fact. Accordingly, we enter the following

## DECREE NISI

And now, August 16, 1983, it is ordered and decreed that plaintiff's request for relief is hereby denied. Unless exceptions are filed within ten days, this order shall become absolute as a matter of course.